"In Alabama, a medical malpractice plaintiff must establish through expert testimony that the defendant/physician breached the standard of care imposed upon him . . . and that this breach was the proximate cause of the injury or death."Peden v. Ashmore, 554 So.2d 1010, 1013 (Ala. 1989). A plaintiff in a medical negligence case bears the heavy burden of presenting evidence "that the alleged negligence probably cause the injury or death." Id. (Emphasis original.) As this Court held in Howard v. Mitchell, 492 So.2d 1018 (Ala. 1986):
 "In a medical malpractice case, in order to find liability there must be more than a mere possibility that the alleged negligence caused the injury. . . . There must *Page 529 
be some evidence that that negligence probably caused the injury."
492 So.2d at 1019.
The trial judge, in granting Dr. Royal's motion for a directed verdict, cited Peden and further noted that Peden
applied the "scintilla" evidence rule rather than the "substantial" evidence rule that is applicable here. The trial judge specifically found:
 "[T]here was insufficient evidence, when taken as a whole, to constitute substantial evidence that the physician's alleged negligence probably proximately caused the injuries to Helen B. Brillant."
I think that the trial judge was right. To find liability here, a jury would have to stack an inference on an inference and engage in speculation.
STEAGALL, J., concurs.